## BECKER v WILSON et

Ohio Appeals, 1st Dist, Hamilton Co

Nos 3299 & 3300, Decided Jan 14, 1929

Arthur H Fix and Edwin G Becker, both of Cincinnati, for Becker.

Malcolm McAvoy, D R Tate, Wm A Rinckhoff, Paul J Hengge and Clarence M Smith, all of Cincinnati, for Wilson et.

ROSS, J.

It is urged that, because material had been furnished by the lien claimants after the commencement of excavation of the premises and prior to the recording of the mortgages in question, and liens having been filed within 60 days after the furnishing of the last material, the liens take priority over the mortgages. In view of the fact that at the time the initial deliveries of material were made, Wilson did not own the property, and Wilson ordered the material, we are not prepared to admit that this conclusion follows.

We are further of the opinion that the weight of the evidence does not indicate that there had been such a commencement of construction, excavation, and improvement upon the premises at the time of the initial deliveries of material as would bring the liens within the statute, 8321 GC, requiring deliveries to be made after such commencement, in order to permit the perfecting of a lien later on.

However, the title to the real estate involved having been registered in conformity to the chapter of the General Code relating to the registration of land titles, it is our opinion that the provisions of this chapter govern in the instant cause.

Under 8542 GC, a mortgage is effective as a lien upon real estate from the date it is filed for record. The provisions of this section were modified in their application to mechanic's liens by the provisions of section 8321, General Code, a later legislative pronouncement, giving mechanics and material men preference over mortgagees, whose mortgages were filed subsequent to the date upon which labor or material was furnished after the commencement of construction, excavation, or improvement on real estate. **Rider v. Crobaugh, 100 Ohio St. 88, 95.**

In the same manner in which the provisions of section 8542 were modified by section 8321, approved May 2, 1913, the provisions of this latter section are modified by and made subject to the provisions of **section** 8572-89, 8572-68, 8572-97, approved May 6, 1913.

Where real estate has been registered in accordance with the provisions of the code relating to the registration of land titles, a material man, in order to avail himself of the priority granted by section 8321, General Code, over a mortgage, must file an affidavit indicating his intention to furnish material, with the County Recorder, who is directed by law to forthwith enter a memorial thereof upon the registered certificate of title, stating the exact time when the affidavit was filed and the purport and nature thereof. The material man does not lose his lien. He is only required in the case of a registered land title to have his intention to furnish material noted upon the certificate of registration. If he does not comply with the provisions of the later statute, General Code, section 8572-68, he cannot be heard to complain, even in a court of equity, which follows the law, because the provisions of an earlier statute are not applied to his benefit in modifying the provisions of a still earlier statute in favor of the mortgagee.

For these reasons, the judgments of the court of common pleas will be modified, and judgments will be entered here in accordance with this opinion.

Hamilton, PJ, and Cushing, J, concur.