CRAWFORD *v.* LISTON ET AL.

(Decided June 2, 1930.)

*Mr. Lee J. Myers* and *Mr. Harris Anson,* for plaintiff.

*Messrs. Slabaugh, Seiberling, Huber & Guinther,* for defendant Gough Lumber Company.

*Messrs. Rockwell & Grant* and *Mr. C. F. Schnee, amici curiæ.*

PARDEE, J. This case is here on appeal and was submitted upon an agreed statement of facts.

The action is one in foreclosure, and the property involved is "registered" land; and the dispute arises as to the priority between the plaintiff's second mortgage and the mechanic's lien of the defendant the Gough Lumber Company upon said land.

The premises were sold by the plaintiff, R. K. Crawford, by warranty deed to the defendants Listons on February 4, 1927. The deed was recorded, and a registered certificate of title was issued to them on February 21, 1927.

A mortgage for the unpaid purchase price was

given by said Listons to the plaintiff on February 4, 1927, filed on May 18, 1927, and on said day a memorial thereof was entered upon said registered certificate.

On February 23, 1927, the first material for a building upon said land was furnished by the Lumber Company. On September 24, 1927, said company filed an affidavit for a mechanic's lien, and on the same date a memorial thereof was entered upon said registered certificate. Section 8572-54, General Code.

It is the claim of the Lumber Company that, notwithstanding the provisions of the registration land act, its lien, by virtue of the provisions of Section 8321, General Code, is prior to the mortgage of the plaintiff. Said section in part is as follows:

"The several liens herein provided for shall be liens from the date the first labor was performed, or the first * * * materials * * * was furnished by the contractor under the original contract, * * * and such liens shall take priority as follows:

"First. If several liens be obtained by several persons upon the same job, in the manner hereinbefore prescribed, they shall have no priority among themselves. * * *

"Second. They shall be preferred to all other titles, liens or incumbrances, which may attach to or upon such construction * * * or upon the land upon which they are situated, which shall either be given or recorded subsequent to the commencement of said construction * * * or improvement."

By the provisions of the registration land act, the decree of registration is an agreement running with the land, and binding upon the parties to the regis-

tration proceedings and their successors in title. By this law "All dealings with the land or any estate or interest therein, after the same has been brought under this act * * * and all liens, encumbrances and charges upon the same shall be made only subject to the terms of this act." Section 8572-26, General Code.

It therefore becomes apparent that the lands of this state are divided into two kinds: "registered" and "unregistered."

The mechanic's lien law provides the method by which mechanics' liens may be ordinarily obtained, and without these provisions there would be no way of perfecting a mechanic's lien upon either registered or unregistered lands. The registration land law does not contain any provisions which add to or take from the method provided for perfecting a mechanic's lien upon unregistered land, and it does not provide an independent method for perfecting a mechanic's lien upon registered land, but it does provide a supplemental method by which mechanics' liens perfected in the ordinary way as upon unregistered land may be effected upon registered land; so in order to obtain a mechanic's lien upon registered land, the method provided to obtain a lien upon unregistered land must first be followed, and then the additional steps set forth in the registration land law must be complied with—or in other words, the two laws taken together provide the mechanic's lien law for registered land.

The Lumber Company did not file an affidavit of an adverse claim or lien against the land involved in this suit and give notice thereof, as it might have done at the time it began to furnish the lumber for

said building (Sections 8572-68 and 8572-69, General Code), and thereby retain the benefits of General Code, Section 8321, *supra* (*Mizner* v. *Paul,* 29 O. C. A., 33, 30 C. D., 484), and it not having filed such an affidavit, and given notice, its lien did not attach to said land as against the plaintiff, a mortgagee, until the day the lien was filed and perfected as provided in Section 8572-54, General Code. *Becker* v. *Wilson,* 30 Ohio App., 340, 165 N. E., 108.

But the claim is made that if this is true, it follows that the diligent lien claimant who obtains a lien upon registered land, as may be done under said Section 8572-54, will thereby have priority over a mechanic's lien filed and perfected subsequently, by virtue of the same section, and thus defeat the equal rights of lien claimants upon the same job, as provided in Section 8321, General Code, *supra.*

By the land registration law, provisions are made for filing voluntary and involuntary instruments which relate to registered land.

In the former class are deeds, mortgages, certain leases, etc.; in the latter class are judgment liens, mechanics' liens, etc.

While the land registration law limits the effect of mechanics' liens upon registered land so far as voluntary instruments are concerned, it does not expressly *create* a priority among mechanic's lien claimants upon the same job, different from that expressly fixed by Section 8321, *supra.*

Section 8572-81, General Code, provides that registered land shall in all respects be subject to the same burdens and incidents which attach by law to unregistered land, and that the provisions of the registration land act shall not ''change or affect in any

way any other rights or liabilities created by law and applicable to unregistered land, except as otherwise expressly provided in this act.''

By the terms of the land registration law (Sections 8572-73 and 8572-97, General Code) it is expressly provided that voluntary transfers and encumbrances shall have priority as among themselves and as to involuntary instruments as they are entered upon the certificate of title, but there are no express provisions as to priority of involuntary instruments which are in conflict with the express provisions of Section 8321, *supra,* which affect the priority of mechanic's lien claimants upon the same job as among themselves.

In view of the provisions of the statutes to which attention has herein been directed, and following the well-recognized rule requiring courts to harmonize, so far as possible, statutes relating to the same subject-matter, we are of the opinion that the provisions of the land registration law as to the *attaching* of mechanics' liens are not in conflict with the explicit provisions of the mechanic's lien law denying *priority* among the mechanic's lien claimants upon the same job.

The mechanic's lien law expressly provides that it shall receive a liberal construction (Section 8323-8, General Code), as does the land registration law (Section 8572-101, General Code). Giving to these laws such a construction, and carrying out what we believe to have been the general intention of the ones who made them, we are unanimously of the opinion that the general assembly did not intend to give to mechanic's lien claimants upon the same

job upon registered land, who comply with both of said laws, a preference as among themselves.

A decree may be drawn in accordance with this opinion.

*Decree accordingly.*

FUNK, P. J., and WASHBURN, J., concur.